ORTIZ & ORTIZ, L.L.P.
Norma E. Ortiz, Esq.
35-10 Broadway, Suite 202
Astoria, New York 11106
Tel. (718) 522-1117
Proposed Counsel to the Debtor

**Hearing Date: March 23, 2021**
**Hearing Time: 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

127 WESTCHESTER SQ LLC,                     Case No. 21-10503-scc


                              Debtor.        Chapter 11
--------------------------------------------------------X

### NOTICE OF EXPEDITED HEARING ON DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING PAYMENT OF PRE-PETITION EMPLOYEE COMPENSATION OBLIGATIONS

**PLEASE TAKE NOTICE**, that upon the annexed motion dated March 20, 2021 (the "Motion"), of 127 Westchester SQ. LLC (the "Debtor"), the undersigned will move before the Honorable Shelley C. Chapman, U.S. Bankruptcy Judge, in the United States Bankruptcy Court, Southern District of New York, on the 23rd day of March 2021 (the "Hearing Date") at 10:00 a.m., or as soon thereafter as counsel may be heard, for the entry of an order pursuant to 11 U.S.C. §§ 105 and 363 for the entry of an order permitting the Debtor to pay its pre-petition employee wage obligations to its employees. The Debtor may request such other and further relief as is just and equitable at the hearing.

**PLEASE TAKE FURTHER NOTICE**, that you need not appear at the aforesaid hearing if you do not object to the relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE**, that any response to the Motion must (a) be in writing and (b) must be filed with the Clerk of the Bankruptcy Court electronically at www.nysb.uscourts.gov. If you do not have the ability to file an objection electronically, the

objection may be filed with the Clerk of the Court by presenting the Clerk with a copy of the objection by the date stated above.  **PLEASE NOTE**:  Due to the short notice period, the Debtor will not oppose oral objections to the Motion presented at the hearing or written objections filed one day before the hearing.

   **PLEASE TAKE FURTHER NOTICE** that, pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.) ("General Order M-543"), the Hearing shall be conducted telephonically.  In order to appear telephonically, you must register with Court Solutions LLC prior to the hearing date. You may reach Court Solutions by telephone at (917) 746-7476 or online at www.court-solutions.com.

Dated: March 20, 2021
New York, New York

       _/s/Norma E. Ortiz_
       Norma E. Ortiz
       ORTIZ & ORTIZ, L.L.P._
       35-10 Broadway, Suite 202
       Astoria, New York 11106
       Tel. (718) 522-1117
       Proposed Counsel for the Debtor

Norma E. Ortiz, Esq.
ORTIZ & ORTIZ, L.L.P.
35-10 Broadway, Suite 202
Astoria, New York 11106
Tel. (718) 522-1117
*Proposed Counsel to the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re

127 WESTCHESTER SQ LLC,                                       Case No. 21-10503-scc


                                       Debtor.                Chapter 11
--------------------------------------------------------X

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE PAYMENT OF PRE-PETITION EMPLOYEE COMPENSATION OBLIGATIONS

127 Westchester SQ LLC., (the "Debtor"), by and through its proposed attorneys Ortiz

& Ortiz, L.L.P. ("O & O"), hereby moves for the entry of an order authorizing the Debtor to

pay its employees their unpaid wages and pay the attendant taxes and other obligations arising

from the unpaid wages.  In support of the Motion, the Debtor respectfully states as follows:

## BACKGROUND

1.      The Debtor filed a voluntary petition on March 18, 2021 (the "Petition Date").

The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to

Sections 1107 and 1108 of the Bankruptcy Code. The United States Trustee has not appointed

an official creditors' committee in this case.

2.      The Debtor operates a restaurant in Bronx County and conducts business
under the name Shanghai Red.  It filed its petition to address its tax obligations, the
collection efforts of its largest creditor, and reorganize its affairs. The Debtor lost
significant revenue during the COVID-19 business shut-down but has resumed operations
and presently operates from Thursday through Sunday.

3.      The Debtor has approximately eighteen (18) employees (the "Employees") that
earned wages from March 8 through March 14, 2021 (the "Last Pay Period") that have not been
paid becauseof the Debtor's bankruptcy filing. A redacted list of the Employees and estimated
payments due for the Last Pay Period is attached as Exhibit A.  None of the Employees are
insiders or officers of the Debtor.

4.      The Employees perform a variety of crucial functions for the Debtor including,
but not limited to, serving customers, maintaining the premises, and preparing food for sale.
The Employees' valuable skill sets and their familiarity with the  Debtor's services and
customers are critical to the success of this case and the continued operation of the business.

A.      **Debtor's Employee Compensation Obligations**

5.      In the ordinary course of business, the Employees are paid weekly on every
Friday. The Debtor's gross weekly payroll will vary and depends upon the dining capacity
permitted by the City of New York.  The Last Pay Period reflects the salary incurred with 25%
of permissible indoor dining.  However, with the anticipated increase permitted for indoor
dining, the Debtor expects its payroll costs and sales will increase.  As set forth in Exhibit A, the
approximate amount due for the Last Pay Period is $7,431.60 (the "Pre-Petition Payroll"). As a
result, theDebtor seeks authority to pay its Employees the Pre-Petition Payroll. The amount paid
to each employee does not exceed the $12,850.00 priority cap in Section 507(a)(4) of the

Bankruptcy Code.

**B.** **Gross Payroll Deductions, Taxes and Governmental Withholdings**

6.    The Debtor is required by law to withhold from the Employees' wages amounts due for federal and state taxes, social security benefits, and Medicare taxes (the "Withholding Taxes"), and to remit the Withholding Taxes to the appropriate taxing authorities. Additionally, the Debtor must match from its own funds the social security and Medicare taxes, based on a percentage of gross payroll, additional amounts for state and federal unemployment insurance to remit to the taxing authorities (collectively, the "Employer Payroll Contribution" and, together with the Withholding Taxes, the "Payroll  Taxes").  The Debtor seeks authority to pay Pre-Petition Payroll Taxes that have accrued before the Petition Date when they become due.

## JURISDICTION

7.    The Court has jurisdiction over this motion. This is a core proceeding arising under 28 U.S.C.§ 157(b)(2). Venue of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for relief include 11 U.S.C. §§ 105, 363, 364(b), 507(a)(5) and 541(d) of title 11 of the United States Code, 11 U.S.C. §§ 101, et. seq. (the "Bankruptcy Code").

## RELIEF REQUESTED

8.    The Pre-Petition Payroll and Pre-Petition Payroll Taxes constitute pre-petition obligations of the Debtor.  Pre-petition obligations may not be paid without prior approval of the court.  The Debtor seeks an Order authorizing its payment of these obligations (collectively, the "Pre-Petition Wage Obligations") so that it may minimize the financial hardship to the Employees, ensure no disruption to its operations, and maintain morale among the Employees.  The Debtor asserts that the payment of these obligations is in the best interest of its creditors and the bankruptcy estate.  The employees are an integral part of the Debtor's business operations and an essential key to the Debtor's reorganization.  The amounts due to the employees are not substantial and the Debtor has the funds

available to pay the Pre-Petition Obligations.  Under these circumstances, the Court should find that the

payment of the Pre-Petition Wage Obligations is absolutely necessary to maintain the Debtor's

operations and retain the uninterrupted service and loyalty of its employees. The Debtor operates

a service business and can not function without the full commitment of its workforce.  Moreover,

the Debtor's employees earn modest salaries and are very much dependent upon the income they

receive from the Debtor.

9.      The Debtor submits that the relief sought herein is authorized pursuant to Sections

105(a) and 363(b)(1) of the Bankruptcy Code.  Section 363(b)(1) permits a debtor in possession

to use, sell, or lease property out of the ordinary course of its business.  However, since no

section of the Bankruptcy Code specifically authorizes the payment of pre-petition wages,

courts also rely on their authorityunder Section 105 of the Bankruptcy Code to grant such relief.

E.g., In re Ionosphere Clubs, Inc., 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989) ("The Court has

the ability to authorize the payment of pre-petition debt when such payment is needed to

facilitate the rehabilitation of the debtor and is commonly referred to as either the "doctrine of

necessity" or the "necessity of payment" rule. This rule recognizes the existence of the judicial

power to authorize a debtor in a reorganization case to pay pre-petition claims where such

payment is essential to the continued operation of the debtor.").  See also Czyzewski v. Jevic

Holding Corp., 137 S. Ct. 973, 985 (2017) (citing favorably to the entry of "first day orders"

authorizing the payment of prepetition wages where doing so would, among other things,

"enable a successful reorganization").

10.      Payment of the Pre-Petition Payroll Taxes is also in the best interests of the

Debtor and the estate. First, the payment of such taxes also will not prejudice other creditors as

these claims hold priority claim status under Section 507(a)(8) of the Bankruptcy Code.  See 11

U.S.C. § 1129(a)(9)(C). Second, the Debtor is legally obligated under state and federal law to ensure that the obligations are satisfied on a timely basis.  In fact, the portion of the Payroll Taxes withheld from the Employees' wages are held in trust by the Debtor and are not property of Debtor's estate under Section 541 of the Bankruptcy Code. See, e.g., Begier v. IRS, 496 U.S. 53(1990). For these reasons, the Court should find that granting the relief requested herein is appropriate under these circumstances.

11.     No previous request for the relief sought herein has been made by the Debtor to this Court or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court grant the relief requested herein and grant such other and further relief as is just.

Dated: New York, NY
            March 20, 2021

_/s/Norma E. Ortiz_
Norma E. Ortiz, Esq.
Ortiz & Ortiz, L.L.P.
32-72 Steinway Street, Suite 402
Astoria, New York 11103
Tel. (718) 522-1117
_Proposed Attorneys for the Debtor_

**EXHIBIT  A**

| March 8th-14th | | | |
|---|---|---|---|
| EMPLOYEE | Hourly Pay Rate | HOURS | Check Amount |
| Abel | $20.00 | 21.76 | $435.20 |
| Carlos | $10 + tips | 16.48 | $164.80 |
| Carlos | $16.00 | 0 | $0.00 |
| Donovan | $10 + tips | 37.38 | $373.80 |
| Felipe | $12 + tips | 32.55 | $390.60 |
| Fortino | $15 /Overtime $22.50 | 51 | $847.50 |
| Gumersindo | $15.00 | 0 | $0.00 |
| Hector | $10 + tips | 19.36 | $193.60 |
| Israel | $10 + tips | 17.08 | $170.80 |
| Janna | $18.50 | 23.03 | $426.05 |
| Jhoismar | $10 + tips | 25.23 | $252.30 |
| Juan Carlos | $12 + tips | 0 | $0.00 |
| Manuel | $16.00 | 36.98 | $591.68 |
| Marcos | $17.00 | 35.11 | $596.87 |
| Mauricio | $10 + tips | 0 | $0.00 |
| Michael | $16.00 | 28.86 | $461.76 |
| Pascual | $15.00 | 0 | $0.00 |
| Raul | $15.00 | 0 | $0.00 |
| Rogelio | $15.00 | 0 | $0.00 |
| Steve | $16.00 | 0 | $0.00 |
| Wilfredo | $15.00 | 0 | $0.00 |
| Yuri | $10 + tips | 0 | $0.00 |
| Zoey | $10 + tips | 17.68 | $176.80 |
| Charybel | $15.00 | 0 | $0.00 |
| Julio | Salary | | $450.00 |
| Tanya | Salary | | $450.00 |
| Andres | Salary | | $450.00 |
| Ashlie | Salary | | $400.00 |
| Fransico | Salary | | $600.00 |
| | | | $7,431.76 |



**<u>Declaration of Debtor's President in Support of Motion</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re

127 WESTCHESTER SQ LLC,                              Case No. 21-10503-scc


                                    Debtor.          Chapter 11
--------------------------------------------------------X

## <u>DECLARATION OF JAVIEL RODRIGUEZ</u>

Javiel Rodriguez, president of the above-captioned debtor in possession (the "Debtor"), hereby swears as follows:

1.      I have reviewed the annexed Motion and affirm that the information contained therein is accurate and true.  The Debtor relies on the work performed by its employees to ensure it is able to continue operating and providing the high-level dining experience the Debtor strives to provide its customers.  It is imperative that the Debtor be permitted to pay its employees for the work they have performed to ensure that morale is maintained and that the Debtor does not lose any of its valued employees.

2.      The Debtor has the funds available to pay its employees and requests that the Court permit it to pay the employees for the last payroll period before the bankruptcy filing. The Debtor does not seek to pay any officer or insider at this time.

I hereby declare that the foregoing is accurate and true to the best of my knowledge and belief.

Dated: March 19, 2021
       Bronx, New York

                                        *S/Javiel Rodriguez*
                                        Javiel Rodriguez, President

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re

127 WESTCHESTER SQ LLC,                                   Case No. 21-10503-scc


                                        Debtor.           Chapter 11
-----------------------------------------------------------X

### ORDER GRANTING DEBTOR'S MOTION
### FOR AN ORDER AUTHORIZING THE PAYMENT
### OF PRE-PETITION EMPLOYEE WAGE OBLIGATIONS


Upon the Motion ("Motion") of 127 Westchester SQ LLC (the "Debtor") dated March

20, 2021, for the entry of an order authorizing the Debtor to pay Pre-Petition Employee Wage

Obligations set forth in the Motion; no opposition to the Motion having been filed; the Debtor

having appeared by its counsel Ortiz & Ortiz, L.L.P.; due notice of the Motion having been given

and sufficient cause appearing therefore, it is

**ORDERED**, that the Debtor is authorized and empowered to satisfy in the ordinary

course of business the Pre-Petition Employee Wage Obligations including, but not limited to, Pre-

Petition Payroll as set forth on Exhibit A and related Pre-Petition Payroll Taxes, and subject to the

limitations set forth in 11 U.S.C. §§ 507(a)(4) and 507(a)(5);

**ORDERED**, that any and all financial institutions honoring the aforementioned

obligations to Debtor's Employees are authorized and directed to receive, process, honor and pay

all checks, drafts, and automatic clearing house and wire transfers drawn on bank accounts of the

Debtor to the extent authorized herein or directed by the Debtor;

**ORDERED**, that the Debtor is hereby authorized, consistent with this Order, to issue post- petition checks (or electronic fund transfers) in payment of pre-petition obligations to Debtor's Employees;

**ORDERED**, that no pre-petition obligations, other than the obligations set forth on Exhibit A and related Payroll Taxes, may be paid by the Debtor without further order of the Court.

Dated: New York, New York
      March ___, 2021

                                  _____
                                  HON. SHELLEY C. CHAPMAN
                                  UNITED STATES BANKRUPTCY JUDGE

No Objection.

Office of the U.S. Trustee

*/s/Paul Schwartzberg*
By:  Paul Schwartzberg